In my judgment, upon the evidence offered, the following facts are established: That counsel for the city on the second day of ¡July, 1903, presented the said entry to a deputy clerk of this court, seeking to have it filed; that under the practice obtaining in this court at the time, the deputy clerk in the court room where the order was made is accustomed to put it on the order book, and entries are usually left with him for that purpose and marked filed by him when they are left with him. On this particular day, the clerk in the room where the order was made could not be found by counsel and it was given to another deputy to give to him; that the entry was in fact placed in his desk. It having been left in the clerk’s office with the deputy clerk of this court upon the second day of July, as is established by the evidence, in my opinion it should have been marked filed upon that day. If the deputy in that room failed to so mark it until the next day, I believe that this can not be permitted to prejudice á party’s rights. Certainly if no one.could be found at all in the clerk’s office when an entry was brought in and it was left in the office to be marked filed by the clerk, the fact that the clerk might not come into his office again that day' could not be permitted to defeat a party’s right to have it marked filed as of the day when he in fact furnished it for filing. If counsel was informed that it had been placed where the deputy whose duty it was to enter it of record could find it, I think counsel had a right to assume that it would be marked filed by such clerk upon the day when it was furnished and not upon the next day, and that it was the duty of the deputy, if he did not return to his post during that day, to mark it filed as of the day when it was in fact brought in for filing. The motion to correct the record in this respect is sustained.